783 So.2d 346 (2001)
L.E., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D99-2004.
District Court of Appeal of Florida, Third District.
May 2, 2001.
L.E., in proper person.
Robin H. Greene, for appellee.
Before SCHWARTZ, C.J., and GREEN and SORONDO, JJ.
PER CURIAM.
L.E. (the father) appeals from a final judgment terminating his parental rights to three minor children, M.E., L.A.E. and L.E.E. The lower court found by clear and convincing evidence that the father was convicted of three counts of capital sexual battery and one count of lewd assault against V.L., the half-sibling of his minor children, and that it was in the manifest best interests of the children that his parental rights be terminated. We affirm.
On January 28, 1998, the father was sentenced to three consecutive life sentences without parole as a sexual predator. Thereafter, the lower court terminated his parental rights upon application of section 39.806(1)(d), Florida Statutes *347 (Supp.1998).[1] This section provides, in pertinent part, that there are grounds for termination of parental rights:
(d) When the parent of a child is incarcerated in a state or federal correctional institution and either:
1. The period of time for which the parent is expected to be incarcerated will constitute a substantial portion of the period of time before the child will attain the age of 18 years;
2. The incarcerated parent has been determined by the court to be ... a sexual predator as defined in s. 775.21; has been convicted of ... a sexual battery that constitutes a capital, life, or first degree felony violation of s. 794.011;... or
3. The court determines by clear and convincing evidence that continuing the parental relationship with the incarcerated parent would be harmful to the child and, for this reason, that termination of the parental rights of the incarcerated parent is in the best interest of the child.
§ 39.806(1)(d), Fla. Stat. (Supp.1998). The father's three consecutive life sentences without parole will plainly outlast the children's minority. Moreover, his classification as a sexual predator and convictions for capital sexual battery of the children's sibling provide independent bases for termination of parental rights under the applicable law. Accordingly, the lower court did not err in finding that it is in the manifest best interests of the children that the court terminate the father's parental rights.
The father maintains that his trial counsel was ineffective for failing to contend that section 39.806(1)(d) could not be applied to his case, where he was in custody since March of 1997, before the effective date of material amendments to this section. Chapter 97-226, section 6, Laws of Florida, which amended section 39.464 provides, "[t]his act shall [take] effect October 1, 1997, and applies to any person incarcerated after October 1, 1997, who is sentenced to a term of incarceration which would qualify under the provisions of this act, as well as to any persons who are sentenced after that date." (Emphasis added). While the father was in custody pending trial prior to October 1, 1997, the record reflects that his sentence was entered in January 1998, after the effective date of the amendment to section 39.806(1)(d). Accordingly, counsel was not ineffective for failing to challenge the application of this section.
Affirmed.
NOTES
[1] Formerly section 39.464(1)(d), Florida Statutes (1997).